UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
Salpai Inc.,                                                           **Case No.:**

*Plaintiff*,

-against-                                **COMPLAINT**

George S. Bellas, Esq., Zeleny Solutions, Inc.,

*Defendants*.
-------------------------------------------------------------X

       Plaintiff, Salpai Inc. ("Salpai" or "Plaintiff"), by their attorneys Levin-Epstein & Associates, P.C., complaining of defendants George S. Bellas, Esq. ("Attorney Bellas"), and Zeleny Solutions, Inc. ("Zeleny" together with Attorney Bellas, the "Defendants"), herein, alleges as follows:

## PRELIMINARY STATEMENT

       1.     This dispute arises from a sales contract (the "Sales Contract"), dated June 28, 2020, and its accompanying escrow agreement (the "Escrow Agreement") dated June 3, 2020.

       2.     Under the Escrow Agreement, Attorney Bellas would act as the escrow agent (the "Escrow Agent") for all funds received for the purchase and sale of certain personal protective equipment ("PPE"), by and between Plaintiff, as purchaser, and Zeleny, as seller.

       3.     Attorney Bellas expressly agreed to release and transmit the escrowed amount of $487,500 (the "Escrow Funds") in two, equal installments. In accordance with the Escrow Agreement, the release and transmittal of each installment was expressly conditioned upon "written confirmation from Plaintiff."

       4.     Pursuant to the clear and unambiguous terms of the Escrow Agreement, Plaintiff agreed only to release the first installment (*i.e.* $243,750).

1

5.  Pursuant to the clear and unambiguous terms of the Escrow Agreement, Plaintiff agreed only to release the second installment (*i.e.* $243,750) following written confirmation from Plaintiff. Plaintiff never provided any written confirmation for the release of the second installment (*i.e.* $243,750).

6.  Following written confirmation from Plaintiff that the first installment could be released, Attorney Bellas, without authorization from Plaintiff, released $367,500 of the Escrow Funds – *i.e.,* $123,750 in excess of the first installment set forth under the Escrow Agreement.

7.  In another breach of the Escrow Agreement, Attorney Bellas, without authorization from Plaintiff, released the balance of the Escrow Funds – *i.e.*, $120,000.

8.  Attorney Bellas' actions thus constituted a breach of the Escrow Agreement that proximately caused no less than $243,750 in damages for which Attorney Bellas is liable.[1]

9.  Attorney Bellas' breach of the Escrow Agreement gives rise to claims against him, individually, sounding in breach of contract and breach of his fiduciary duty, and for related common law claims as herein pleaded.

10. Upon information and belief, Defendant Zeleny Solutions, Inc. was a special purpose entity that focused on the purchase and sale of PPE during the novel coronavirus ("COVID-19") pandemic.

11. Under the Sales Contract, Zeleny agreed to deliver 50,000 boxes of powder free nitrile examination gloves of a certain specification[2], in exchange for a payment of $487,500 from Plaintiff. This never happened.

---

[1] On or around January 18, 2021, Attorney Bellas wired Plaintiff the partial past-due amount of $50,000.

[2] *To wit*:

> The quality of the product shall be [based] on the attached samples and documents. Standard: - FDA (USA) - CE/EC (EU) EU MDD Directive 93/42/EEC Category III EU PPE Regulation 2016/425 Category III EN455; EN374; ANSI/ISEA 105; ASTMD6319 or equivalent. The Product holds US

2

12. Zeleny's breach of the Sales Contract gives rise to claims against it, and against Attorney Bellas, sounding in breach of contract, and for related common law claims as herein pleaded.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332(a)(1) because this case is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. As set forth more fully above, Plaintiff, by virtue of the citizenship of its sole shareholder, is a citizen of New York and all the Defendants are citizens of different states than Plaintiff; *to wit* Illinois and Poland. Thus, the Plaintiff and the Defendants are considered diverse under 28 U.S.C. § 1332(a)(1).

14. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) and (c), because Defendants are transacting and doing business in this judicial district and are subject to the personal jurisdiction of this Court, and because a substantial part of the wrongful events giving rise to the claims asserted herein occurred in this District, and a substantial portion of the wrongful events at issue have arisen and/or will arise.

## THE PARTIES

**PLAINTIFF SALPAI INC.**

15. Plaintiff is a domestic corporation with a principal place of business located at 20 Pine Street, Suite 1116 New York, NY 10005. Plaintiff's sole shareholder is a resident and citizen of New York, New York.

---

Food and Drug Administration 510(k) Premarket Notification, as per Regulation Number 880.6250 Classification Product Code LZC. The manufacturer's US Food and Drug Administration 510(k) number is K193555.

**DEFENDANT GEORGE S. BELLAS, ESQ.**

16. Defendant George S. Bellas, Esq. is an individual residing in Illinois.

17. Defendant George S. Bellas, Esq. is an attorney, and has been admitted to practice law since October 30, 1973. Attorney Bellas is a partner at the law firm of Bellas & Wachowski Attorneys at Law, which has a principal place of business at 15 North Northwest Highway, Park Ridge, Illinois 60068.

18. Upon information and belief, Defendant George S. Bellas, Esq. has an economic interest in Defendant Zeleny Solutions, Inc., that is separate and distinct from any attorney-client relationship or from his role as Escrow Agent.

**DEFENDANT ZELENY SOLUTIONS, INC.**

19. Upon information and belief, Defendant Zeleny Solutions, Inc. was and is a foreign corporation organized and existing under the laws of the United Arab Emirates ("UAE"). Upon information and belief Zeleny's shareholders are residents and citizens of Illinois and Poland.

20. Upon information and belief, Defendant Zeleny Solutions, Inc. was a special purpose entity that focused on the purchase and sale of PPE.

21. Attorney Bellas possesses operational control over Zeleny, possesses an ownership interest in the Zeleny, and control significant functions of Zeleny.

22. Upon information and belief, Attorney Bellas operates Zeleny as either an alter ego of himself, and/or fails to operate Zeleny as an entity legally separate and apart from himself, by, among other things:

   a. failing to adhere to the corporate formalities necessary to operate Zeleny as a separate and legally distinct entity;

   b. defectively forming or maintaining Zeleny, by among other things failing to hold

        annual meetings or maintaining appropriate corporate records;

c.     transferring assets and debts freely as between all Defendants;

d.     operating Zeleny for his own benefit;

e.     operating Zeleny for his own benefit and maintaining control over it as a closed corporation or closely controlled entity;

f.     intermingling assets and debts of his own with Zeleny;

g.     diminishing and/or transferring assets of Zeleny to protect his own interests; and

h.     other actions evincing a failure to adhere to the corporate form.

## FACTS COMMON TO ALL ALLEGATIONS

### A. Attorney Bellas' Breach of The Escrow Agreement

23. Plaintiff escrowed the amount of $487,500 with Attorney Bellas, as Escrow Agent, pursuant to the terms of the Escrow Agreement.

24. Under the Escrow Agreement, Attorney Bellas would act as the Escrow Agent for all funds received for the purchase and sale of certain PPE, by and between Plaintiff, as purchaser, and Zeleny, as seller.

25. Attorney Bellas expressly agreed to release and transmit the Escrow Funds in two, equal installments. In accordance with the Escrow Agreement, the release and transmittal of each installment was expressly conditioned upon "written confirmation from Plaintiff."

26. Pursuant to the clear and unambiguous terms of the Escrow Agreement, Plaintiff agreed only to release the first installment (*i.e.* $243,750) following written confirmation from Plaintiff.

27. Pursuant to the clear and unambiguous terms of the Escrow Agreement, Plaintiff agreed only to release the second installment (*i.e.* $243,750) following written confirmation from Plaintiff.

28. Following written confirmation from Plaintiff that the first installment could be released, Attorney Bellas, without authorization from Plaintiff, released $367,500 of the Escrow Funds – *i.e.,* $123,750 in excess of the first installment contemplated under the Escrow Agreement.

29. In another breach of the Escrow Agreement, Attorney Bellas, without authorization from Plaintiff, released the balance of the Escrow Funds – *i.e.*, $120,000.

30. Attorney Bellas' actions thus constituted a breach of the Escrow Agreement that proximately caused no less than $243,750 in damages for which Attorney Bellas is liable.

**B.  Zeleny's Breach of the Sales Contract**

31. Upon information and belief, Defendant Zeleny Solutions, Inc. was a special purpose entity that focused on the purchase and sale of PPE during the novel COVID-19 pandemic.

32. Under the Sales Contract, Zeleny agreed to deliver 50,000 boxes of powder free nitrile examination gloves of a certain specification[3], in exchange for a payment of $487,500 from Plaintiff. This never happened.

33. Attorney Bellas and Zeleny are inextricably interrelated.

34. Defendant George S. Bellas, Esq. has an economic interest in Defendant Zeleny Solutions, Inc., that is separate and distinct from any attorney-client relationship or from his role as Escrow Agent.

---

[3] *To wit*:

> The quality of the product shall be [based] on the attached samples and documents. Standard: - FDA (USA) - CE/EC (EU) EU MDD Directive 93/42/EEC Category III EU PPE Regulation 2016/425 Category III EN455; EN374; ANSI/ISEA 105; ASTMD6319 or equivalent. The Product holds US Food and Drug Administration 510(k) Premarket Notification, as per Regulation Number 880.6250 Classification Product Code LZC. The manufacturer's US Food and Drug Administration 510(k) number is K193555.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Breach of Contract – Escrow Agreement)
*(As Against Attorney Bellas)*

35. Plaintiff hereby restates and realleges each and every allegation contained above as if fully set forth herein and incorporates them by reference.

36. Under the Escrow Agreement, Attorney Bellas was to act as the Escrow Agent for all funds received for the purchase of the PPE, and it was to release and transmit such funds in accordance with the Escrow Agreement.

37. In accordance with the Escrow Agreement, the release and transmittal of two, equal installments was expressly conditioned upon "written confirmation from Plaintiff."

38. Pursuant to the clear and unambiguous terms of the Escrow Agreement, Plaintiff agreed only to release the first installment (*i.e.* $243,750) following written confirmation from Plaintiff, to attorney Bellas.

39. Pursuant to the clear and unambiguous terms of the Escrow Agreement, Plaintiff agreed only to release the second installment (*i.e.* $243,750) following written confirmation from Plaintiff, to attorney Bellas. This never happened.

40. Following written confirmation from Plaintiff that the first installment could be released, Attorney Bellas, without authorization from Plaintiff, released $367,500 of the Escrow Funds – *i.e.,* $123,750 in excess of the first installment contemplated under the Escrow Agreement.

41. In another breach of the Escrow Agreement, Attorney Bellas, without authorization from Plaintiff, released the balance of the Escrow Funds – *i.e.*, $120,000.

42. Attorney Bellas' actions thus constituted a breach of the Escrow Agreement that proximately caused no less than $243,750 in damages for which Attorney Bellas is liable.

## **SECOND CAUSE OF ACTION**

**(Breach of Fiduciary Duty)**
*(As Against Attorney Bellas)*

43. Plaintiff hereby restates and realleges each and every allegation contained above as if fully set forth herein and incorporates them by reference.

44. In undertaking the role as Escrow Agent in connection with the Sales Contract, Attorney Bellas owed certain fiduciary duties to both Zeleny and to Plaintiff, including the duty of loyalty; the duty to make full disclosure; the duty to exercise a high degree of care to conserve the money placed in escrow and pay it only to those persons entitled to receive it; and the duty to act with utmost good faith. Attorney Bellas had a fiduciary duty not to deliver the monies in escrow except upon strict compliance with the conditions imposed by the Escrow Agreement.

45. The Escrow Agreement specifically authorized Attorney Bellas only to release the escrowed funds upon delivery of written confirmation from Plaintiff. Attorney Bellas, however, disregarded its fiduciary duties when it released funds from escrow without ensuring that it had the necessary written confirmation. Particularly, Plaintiff did not authorize Attorney Bellas to release $123,750 in excess of the first installment contemplated under the Escrow Agreement, and Plaintiff never authorized Attorney Bellas to release the balance of the Escrow Funds in the second installment.

46. Because the necessary preconditions of the Escrow Agreement and Sales Contract had not been met, Attorney Bellas was not entitled to release $243,750 of the Escrow Funds.

47. Attorney Bellas thus breached his fiduciary duties as Escrow Agent when it released the Escrow Funds.

48. Since the escrowed funds were released, Defendants have absconded with the Escrow Funds causing significant financial injury to Plaintiff.

### **THIRD CAUSE OF ACTION**

**(Negligence)**
*(As Against Attorney Bellas)*

49. Plaintiff hereby restates and realleges each and every allegation contained above as if fully set forth herein and incorporates them by reference.

50. As escrow agent, Attorney Bellas owed the Plaintiff duties of care, honesty and loyalty, a duty to comply with the applicable standards of care for escrow agents and others holding funds for others in his escrow account. Attorney Bellas failed to meet those standards of care. The numerous omissions and improper actions referred to herein were made knowingly or negligently. Attorney Bellas knew or should have known of the impropriety of such conduct. Attorney Bellas' actions in releasing the Escrow Funds were negligent, grossly negligent or reckless.

51. As a result of Attorney Bellas' conduct, Plaintiff lost a significant amount of money that was entrusted to it. As a direct and proximate result of Attorney Bellas' negligence, Plaintiffs have suffered substantial monetary relating to the loss of $243,750, loss of expected income from investments, and consequential damages in an amount to be proven at trial.

### **FOURTH CAUSE OF ACTION**

**(Constructive Trust)**
*(As Against Defendants)*

52. Plaintiff hereby restates and realleges each and every allegation contained above as if fully set forth herein and incorporates them by reference.

53. Upon information and belief, the funds that were taken from Plaintiff, pursuant to the above-described fraudulent activity and breaches of fiduciary duty, flowed to and unjustly enriched Defendants.

54.     Defendants thus came into possession of property of Plaintiff, and such property in the hands of the Defendants should be placed in constructive trust for the benefit of the Plaintiff.

## FIFTH CAUSE OF ACTION

**(Breach of Contract)**
*(As Against Defendants)*

55.     Upon information and belief, Defendant Zeleny Solutions, Inc. was a special purpose entity that focused on the purchase and sale of PPE during the novel COVID-19 pandemic.

56.     Under the Sales Contract, Zeleny agreed to deliver 50,000 boxes of powder free nitrile examination gloves of a certain specification[4], in exchange for a payment of $487,500 from Plaintiff. This never happened.

57.     Attorney Bellas and Zeleny are inextricably interrelated.

58.     Defendant George S. Bellas, Esq. has an economic interest in Defendant Zeleny Solutions, Inc., that is separate and distinct from any attorney-client relationship or from his role as Escrow Agent.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment in its favor:

(a)     On the First Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus interest thereon;

(b)     On the Second Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus interest thereon;

(c)     On the Third Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus interest thereon;

---

[4] *To wit*:

> The quality of the product shall be [based] on the attached samples and documents. Standard: - FDA (USA) - CE/EC (EU) EU MDD Directive 93/42/EEC Category III EU PPE Regulation 2016/425 Category III EN455; EN374; ANSI/ISEA 105; ASTMD6319 or equivalent. The Product holds US Food and Drug Administration 510(k) Premarket Notification, as per Regulation Number 880.6250 Classification Product Code LZC. The manufacturer's US Food and Drug Administration 510(k) number is K193555.

(d) On the Fourth Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus interest thereon;

(e) On the Fifth Cause of Action, damages to Plaintiff in an amount to be determined at trial, plus interest thereon;

(f) Granting Plaintiff its attorneys' fees, costs, and expenses; and

(g) Granting Plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
March 29, 2021

By: /s/ Joshua D. Levin-Epstein
Joshua D. Levin-Epstein, Esq.
Jason Mizrahi, Esq.
Levin Epstein & Associates, P.C.
60 East 42nd Street, Suite 4700
New York, NY 10165
Telephone: (212) 792-0046
Email: joshua@levinepstein.com
*Attorneys for Plaintiff*
