**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------x
SALPAI INC.                                       :
                                                  :        CASE NO. 21-cv-02677
                                *Plaintiff*,      :
                                                  :        Hon. Judge Jed S. Rakoff
                            v.                    :
                                                  :
GEORGE S. BELLAS, ESQ. and                        :
ZELENY SOLUTIONS, INC.,                           :
                                                  :
                                *Defendants*.     :
-----------------------------------------------------x


## <u>MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS AND TO COMPEL ARBITRATION BY DEFENDANT GEORGE S. BELLAS, ESQ.</u>


**Ulmer & Berne LLP**
Paul R. Dehmel, Esq.
275 Madison Avenue, Suite 2002
New York, NY 10016
*Attorneys for Defendant George S. Bellas*


Dated:  May 17, 2021

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ........................................................................................1

FACTUAL BACKGROUND .............................................................................................2

ARGUMENT .....................................................................................................................3

    I.     The Court Should Dismiss the Amended Complaint under
          Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction ....................................3

          A.     Applicable Standards ................................................................................3

          B.     Bellas Is Not Subject to General Jurisdiction ...............................................4

          C.     Bellas Is Not Subject to Specific Jurisdiction...............................................4

    II.    The Arbitration Provisions of the Agreements require this Court
          to Compel Arbitration ..........................................................................................6

          A.     There Is a Valid Agreement to Arbitrate ....................................................7

          B.     This Dispute Is Within the Scope of the Arbitration Agreement.................8

          C.     Mr. Bellas Has Not Refused to Arbitrate, Plaintiff Has
               Not Commenced an Arbitration.................................................................8

CONCLUSION...................................................................................................................9

# **TABLE OF AUTHORITIES**

<u>CASES</u>                                                                                                                   <u>Page</u>

*Amelius v. Grand Imperial LLC*,
    57 Misc. 3d 835, 64 N.Y.S.3d 855, 864 (N.Y. Sup.Ct. 2017) ..............................................3

*Asahi Metal Indus. Co. v. Superior Court of Cal.*,
    480 U.S. 102, 113 (1987)......................................................................................................6

*ASM Communications, Inc. v. Allen*,
    656 F. Supp. 838, 840 (S.D.N.Y 1987)...............................................................................8

*Beatie and Osborn LLP v. Patriot Scientific Corp.*,
    431 F. Supp. 2d 367, 390 (S.D.N.Y. 2006) ........................................................................8

*Das v. Rio Tinto PLC*,
    332 F. Supp. 3d 786, 798 (S.D.N.Y 2018)......................................................................3, 4

*Daimler AG v. Barbara Bauman*,
    571 U.S. 117, 121 (2014) .....................................................................................................4

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    564 U.S. 915, 924 (2011).....................................................................................................4

*Holick v. Cellular Sales of N.Y.*, LLC,
    802 F.3d 391, 394 (2d Cir. 2015).........................................................................................7

*J. McIntyre Machinery Ltd. v. Nicastro*,
    564 U.S. 873, 877 (2011).....................................................................................................5

*Jampol v. Blink Holdings, Inc.*,
    No. 20 CIV. 2760, 2020 WL 7774400 (S.D.N.Y. Dec. 30, 2020)......................................8

*Meyer v. Uber Techs., Inc.*,
    868 F.3d 66, 73 (2d Cir. 2017) ...........................................................................................7

*National Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC*,
    No. 20 CIV. 3139, 2020 WL 7647177 (S.D.N.Y. Dec. 23, 2020).....................................7

*Study Logic, LLC v. Farmer Bros. Co..*,
    No. 18-CV-164, 2019 WL 3412114 (E.D.N.Y. July 29, 2019)..........................................3

*Walden v. Fiore*,
    571 U.S. 277 (2014).........................................................................................................4, 5

<u>Statutes and Other Authority</u>                                                    <u>Page</u>

Federal Arbitration Act

   9 U.S.C. § 2 .................................................................................................7

   9 U.S.C. § 4 ........................................................................................... 1, 2, 9

Federal Rules of Civil Procedure 12(b)(1) .....................................................1, 2, 9

Federal Rules of Civil Procedure 12(b)(2) .....................................................1, 2, 9

International Chamber of Commerce Article 4(1) (2021) ...............................9

Defendant George S. Bellas, Esq. ("Mr. Bellas"), by and through the undersigned counsel, Ulmer & Berne LLP, respectfully submits that Plaintiff Salpai Inc.'s ("Plaintiff") Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), for lack of personal jurisdiction, or dismissed pursuant to Fed. R. Civ. Pro. 12(b)(1) and the Federal Arbitration Act, 9 U.S.C. § 4 (the "FAA").

## PRELIMINARY STATEMENT

Mr. Bellas is an Illinois lawyer who served as an escrow agent in connection with a transaction Plaintiff entered into with an offshore entity, Defendant Zeleny Solutions, Inc. ("Zeleny"), which entity, and the transaction itself, had no connection to the State of New York other than Plaintiff's presence in New York. Yet, Plaintiff's Amended Complaint alleges that violations of the written agreements for the purpose of selling personal protection equipment ("PPE") manufactured in Asia for delivery to a third party based in Michigan that were entered into between Plaintiff and Zeleny, with Mr. Bellas acting solely as the escrow agent, should be resolved in this jurisdiction.

Notably, Plaintiff omitted to attach the written agreements to its Complaint. Had Plaintiff attached the agreements, it would have been self-evident that the claims are inappropriately brought before this Court due to the lack of personal jurisdiction over Mr. Bellas (and Zeleny) and that subject-matter jurisdiction is deficient because of a mandatory arbitration provision.

Mr. Bellas does not reside in or regularly transact business in New York and has not engaged in any conduct specific to the allegations of the Complaint that would give rise to specific jurisdiction in this forum. Likewise, neither the agreements nor the transactions at issue have anything to do with New York, they are for the sale of goods manufactured outside of New York for delivery other than in New York. Importantly, the escrow agreement between the parties

1

contains an explicit, mandatory arbitration clause requiring that any disputes to be resolved by arbitration in Chicago, Illinois in accordance with and before the International Chamber of Commerce ("ICC").  The sales contract likewise contained a mandatory arbitration clause specifying use of the ICC.  The Amended Complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) & (2) and Section 4 of the FAA.

## FACTUAL BACKGROUND

Mr. Bellas is a licensed attorney in the State of Illinois who has never been licensed to practice in any of the state or federal courts located in the State of New York.  (Decl. of George Bellas, Esq. dated May 17, 2021 ("Bellas Decl.") at ¶¶ 3-4.  At all relevant times, Mr. Bellas has been a permanent domiciliary of the State of Illinois and has never been a permanent domiciliary of the State of New York.  Id. at ¶¶ 5-6.  Mr. Bellas has never owned real property in the State of New York.  Bellas Decl. at ¶ 7.  Mr. Bellas has never maintained personal or business bank accounts in the State of New York.  Bellas Decl. at ¶¶ 8 & 10.  Mr. Bellas' law practice is based in Park Ridge, Illinois and he has never maintained a business address in New York or had any employees or agents in New York.  Bellas Decl. at ¶¶ 9-11.

On or about June 3, 2020, Plaintiff and Zeleny entered into an Escrow Agreement for which Mr. Bellas agreed to serve as the Escrow Agent.  (A copy of the Escrow Agreement is attached to the Bellas Decl. as Exhibit A).  Zeleny is a company incorporated under RAS AL KHAIMAH INTERNATIONAL CORPORATE CENTRE BUSINESS COMPANIES REGULATION and has its principal place of business in Dubai, United Arab Emirates.  Bellas Decl. at ¶ 17.  Subsequently, Plaintiff and Zeleny entered into a Sales Contract dated June 28, 2020.  (A copy of the Sales Contract is attached to the Bellas Decl. as Exhibit B.)

Both the Escrow Agreement and the Sales Contract contained mandatory arbitration provisions as follows:

14. Arbitration. All parties agree that with the exception of any interpleader action identified above, any and all disputes arising out of or in connection with this Agreement shall be subject exclusively and confidential arbitration under the rules of the International Chamber of Commerce (I.C.C.). The parties further agree to use one arbitrator to be agreed upon by the Parties, or in absence of such agreement after 10 business days the selection of the arbitrator will be determined by the International Chamber of Commerce (ICC) after consulting with the Parties. The confidential arbitration shall be held as soon as practicable in Chicago, Illinois.

Escrow Agreement, Section 14 (Bellas Decl. Ex. A).

10. Arbitration Clause: All disputes arising from or in connection with the Contract shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules.

Sales Contract, Section 10 (Bellas Decl. Ex. B).

## ARGUMENT

**I.    The Court Should Dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction.**

### A.    Applicable Standards

Plaintiff bears the burden of demonstrating personal jurisdiction over a Defendant.  *Das v. Rio Tinto PLC*, 332 F. Supp. 3d 786, 798 (S.D.N.Y 2018).  Here, Plaintiff has fallen far short of its burden.

Federal courts exercising diversity jurisdiction may only assert personal jurisdiction to the extent permitted by the rules of the state in which they sit.  *Study Logic, LLC v. Farmer Bros. Co.*, No. 18-CV-164, 2019 WL 3412114 (E.D.N.Y. July 29, 2019).  The long-arm statute permits courts to exercise jurisdiction as allowed within the limits of the Due Process Clause of the United States Constitution.  *Id.*   The Due Process Clause, in turn, permits the exercise of personal jurisdiction over an out-of-state defendant "when the defendant has 'certain minimum contacts with [the state] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'"  *Id.* (citations omitted).  "Under federal due process principles, personal jurisdiction comes in two types: general and specific."  *Amelius v. Grand Imperial LLC*, 57 Misc. 3d 835, 64

3

N.Y.S.3d 855, 864 (N.Y. Sup.Ct. 2017).  Plaintiff has failed to allege which type of personal jurisdiction is purportedly appropriate, but in any case, neither type exists over Bellas.

**B.      Bellas Is Not Subject to General Jurisdiction.**

"For a court to exercise general jurisdiction over an out-of-state defendant, the defendant's connection to the forum state must be 'so "continuous and systematic" as to render [it] essentially at home' there."  *Daimler AG v. Barbara Bauman*, 571 U.S. 117, 121 (2014).  With respect to individuals, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  At all times, Defendant Bellas has been a domiciliary of Illinois.  Bellas Decl. ¶ 3.

As stated in Mr. Bellas' Declaration, he bears none of the indicia of having continuous and systematic contact with the State of New York.  Mr. Bellas is a licensed attorney in Illinois who, at all relevant times, has maintained a permanent domicile in Illinois; never in the State of New York.  Bellas Decl. at ¶¶ 3-6.  Mr. Bellas has never owned real property in New York and has never maintained personal or business bank accounts in the State.  Bellas Decl. at ¶¶ 7, 8 & 10. Mr. Bellas' law practice is based in Park Ridge, Illinois and he has never maintained a business address in New York or had any employees or agents in New York.  Bellas Decl. at ¶¶ 9-11.

Mr. Bellas simply has no presence in the State of New York and general jurisdiction cannot fairly be asserted over him to sustain jurisdiction in this dispute.

**C.      Bellas Is Not Subject to Specific Jurisdiction.**

A long-standing principle of due process has required that for jurisdiction to be asserted over a defendant, the defendant must have had "'certain minimum contacts' with the forum state such that the 'maintenance of the suit does not offend "traditional notions of fair play and substantial justice."'"  *Das*, 322 F. Supp. 3d at 801.   Specific jurisdiction focuses "on the relationship among the defendant, the forum, and the litigation."  *Walden v. Fiore*, 571 U.S. 277,

284 (2014).  Importantly, the defendant's contacts must not be "'merely random, fortuitous, or attenuated.'"  *Id.*  The requisite contacts also must relate to the defendant's activity, not any activity of the plaintiff or a third party.  *Id.*

Courts generally examine two factors in determining whether specific jurisdiction exists: whether (1) "the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities."  *J. McIntyre Machinery Ltd. v. Nicastro*, 564 U.S. 873, 877 (2011).  Additionally, "even if the plaintiff can establish that the defendant had sufficient contacts with the forum, the Court must still examine whether exercising personal jurisdiction would 'offend traditional notions of fair and substantial justice.'"  *Id* at 880.

Here, Plaintiff alleges, in conclusory fashion, that Defendants conducted business in the State of New York and that "a substantial portion of the events giving rise to the action arose here." (Am. Compl., ¶14).  This is simply not true.  Mr. Bellas does not live or work in New York and does not regularly conduct business or engage in any other substantial activities in New York.  The Escrow Agreement was executed by and between Plaintiff, Zeleny and Mr. Bellas and, to the extent there were any performance obligations, it was for Plaintiff to send funds to Mr. Bellas' designated escrow account in Chicago, Illinois and for Mr. Bellas to receive such funds in Illinois.  *See* Ex. A to Bellas Decl. at ¶ 4.  The Sales Contract specifically provided that the goods ordered by Plaintiff from Zeleny were to be delivered to an airport in Michigan.  *See* Ex. B to Bellas Decl. at ¶ 3.

Under these facts, Mr. Bellas has not purposefully availed himself of conducting business in New York.  *See Walden*, 571 U.S. at 291 (finding mere fact that petitioner's conduct affected plaintiffs with connections to forum State does not authorize jurisdiction).  As such, the Court

should disregard the Plaintiff's conclusory allegation regarding the Bellas' purported "business" activity in New York.

Exercising personal jurisdiction over Mr. Bellas would plainly offend traditional notions of fair and substantial justice. The Supreme Court has outlined five non-exclusive factors that should be considered in evaluating the fairness of exercising personal jurisdiction: (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in the most efficient resolution of controversies, and (5) the shared interests of the states in furthering social policies. *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 113 (1987). Nothing about the transaction between Plaintiff and Zeleny could reasonably have caused Mr. Bellas, as the mere Escrow Agent, to expect to be haled into this Court. Instead, as articulated in the next section, the Escrow Agreement contained a mandatory arbitration provision that required all disputes to be resolved by arbitration in Chicago, Illinois. In short, the factors identified in *Asahi* all weigh in favor of the conclusion that exercising personal jurisdiction over Defendants would be unreasonable.

## II.   The Arbitration Provisions of the Agreements require this Court to Compel Arbitration

Even if personal jurisdiction over Mr. Bellas could somehow be found to exist, all of Plaintiffs' claims must be resolved pursuant to the mandatory arbitration provisions of the underlying agreements, which Plaintiff is suing upon and therefore inherently agrees are valid. Specifically, Plaintiffs' Amended Complaint is premised upon violations of the agreements that were entered into for the purpose of selling PPE manufactured in Asia for a third party based in Michigan. Both agreements specify that such disputes must be arbitrated.

When determining whether to enforce an arbitration clause, the court looks at whether (1) there is a valid agreement to arbitrate; (2) the dispute is within the scope of the arbitration

agreement; and (3) there as a refusal to arbitrate.  *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Wynn Las Vegas, LLC,* No. 20 CIV. 3139, 2020 WL 7647177 (S.D.N.Y. Dec. 23, 2020).  Here, all three factors weigh in favor of enforcement of the arbitration provision.

Moreover, the Federal Arbitration Act, "reflects a liberal federal policy favoring arbitration agreements and places arbitration agreements on the same footing as other contracts."  *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017) (internal quotation marks and citations omitted). Section 2 of the FAA provides that "[a] written provision in … a contract … to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  When ruling on a motion to compel arbitration, a court must decide whether the parties agreed to arbitrate, and, if so, whether the scope of that agreement encompasses the claims at issue.  *See Holick v. Cellular Sales of N.Y.*, LLC, 802 F.3d 391, 394 (2d Cir. 2015).

**A.**  **There Is a Valid Agreement to Arbitrate.**

This dispute involves valid agreements between the parties that contain enforceable arbitration clauses.   Essentially Plaintiff is suing for breach of the agreements, which Plaintiff elected not to attach to its Complaint.  But because they are referenced, the Court may consider them.  Section 14 of the Escrow Agreement specifically states:

> 14. Arbitration. All parties agree that with the exception of any interpleader action identified above, any and all disputes arising out of or in connection with this Agreement shall be subject exclusively and confidential arbitration under the rules of the International Chamber of Commerce (I.C.C.). The parties further agree to use one arbitrator to be agreed upon by the Parties, or in absence of such agreement after 10 business days the selection of the arbitrator will be determined by the International Chamber of Commerce (ICC) after consulting with the Parties. The confidential arbitration shall be held as soon as practicable in Chicago, Illinois.

Bellas Decl. Ex. A.

Section 10 of the Sales Contract specifically states:

10. Arbitration Clause: All disputes arising from or in connection with the Contract shall be finally settled under the Rules of Arbitration of the International Chamber of Commerce by one or more arbitrators appointed in accordance with the said Rules.

Bellas Decl. Ex. B.

Both arbitration clauses are mandatory and require that any disputes arising from the agreements must be arbitrated. *See Beatie and Osborn LLP v. Patriot Scientific Corp.*, 431 F. Supp. 2d 367, 390 (S.D.N.Y. 2006) (use of "shall" in venue clause is clear indication of mandatory language); *ASM Communications, Inc. v. Allen*, 656 F. Supp. 838, 840 (S.D.N.Y 1987) (finding use of word "shall" signifies command, rendering an expressed forum selection unambiguous).

### B.      This Dispute Is Within the Scope of the Arbitration Agreement.

Each of Plaintiff's claims are within the broad scope of the arbitration provision in the Agreements.  The Agreements contain an arbitration clause that explicitly provides that "[a]ny dispute arising under or related to this Agreement shall be brought before" an arbitrator. Arbitration clauses that use "extremely broad language that creates 'a presumption of arbitrability and arbitration'." *Jampol v. Blink Holdings, Inc.*, No. 20 CIV. 2760, 2020 WL 7774400 (S.D.N.Y. Dec. 30, 2020) (granting Defendant's motion to compel arbitration because contract at dispute contained broad arbitration provision).

### C.      Mr. Bellas Has Not Refused to Arbitrate, Plaintiff Has Not Commenced an Arbitration.

The final factor for the Court's consideration as to whether to enforce the arbitration provisions and compel arbitration is whether a party has refused to arbitrate.  Here, the situation is effectively reversed.  Plaintiff has already, and is expected to continue to assert that the reason it has not sought arbitration is because Mr. Bellas has refused to arbitrate by failing to pay an arbitration fee to the ICC.  However, pursuant to the clear rules of the ICC,

> A party wishing to have recourse to arbitration under the Rules shall submit its Request for Arbitration (the "Request") to the Secretariat at any of the offices specified in the Internal Rules. The Secretariat shall notify the claimant and respondent of the receipt of the Request and the date of such receipt.

ICC Arbitration Rules, Article 4(1) (2021).  Plaintiff has not alleged that it sought to commence an arbitration before the ICC and that Mr. Bellas has refused to participate.  Instead, Plaintiff commenced the instant action without indicating in the Complaint that there are arbitration provisions (or even attaching the very document that it is suing upon), which would reveal the mandatory arbitration provision.

The arbitration provisions in the Escrow Agreement and the Sales Contract are binding and should be given effect by dismissing this action pursuant to Fed. R. Civ. Pro. 12(b)(1) or under Section 4 of the FAA.

## CONCLUSION

For the foregoing reasons, Defendant Bellas respectfully requests that this Court enter an order dismissing the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction or  pursuant to 12(b)(1) and Section 4 of the Federal Arbitration Act.

Dated:  May 17, 2021 */s/ Paul R. Dehmel*

Paul R. Dehmel, Esq.
**Ulmer & Berne LLP**
275 Madison Avenue, Suite 2002
New York, NY 10016
Ph: 917-262-0470 | Fax: 917-262-0480
pdehmel@ulmer.com

*Attorneys for Defendant George S. Bellas, Esq.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 17th day of May, 2021, I caused a copy of the foregoing to be

served via electronic mail on all counsel of record.

<u>*/s/ Paul R. Dehmel*</u>
    Paul R. Dehmel, Esq.
    **Ulmer & Berne LLP**