UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
SALPAI INC.                                   :
                                              :    CASE NO. 21-cv-02677
          *Plaintiff*,                        :
                                              :    Hon. Judge Jed S. Rakoff
     v.                                       :
                                              :
GEORGE S. BELLAS, ESQ. and                    :
ZELENY SOLUTIONS, INC.,                       :
                                              :
          *Defendants*.                       :
-----------------------------------------------------x


**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO
DISMISS AND TO COMPEL ARBITRATION
<u>BY DEFENDANT GEORGE S. BELLAS, ESQ.</u>**


**Ulmer & Berne LLP**
Paul R. Dehmel, Esq.
275 Madison Avenue, Suite 2002
New York, NY 10016
*Attorneys for Defendant George S. Bellas*

Dated:  June 16, 2021

# **TABLE OF CONTENTS**

 Page

TABLE OF AUTHORITIES ................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT.........................................................................................................................2

    I.    Plaintiff Has Failed to Allege Any Basis for Personal Jurisdiction over Mr. Bellas and the Complaint Should be Dismissed Due to the Lack of Personal Jurisdiction ....................................................................................2

        A.    Plaintiff's Novel Theory of Personal Jurisdiction: Agents are Responsible for the Acts of the "Principal" ...........................................2

        B.    Plaintiff's Agency Argument is Contradicted by Its Own Assertions.........5

    II.    This Action Should be Stayed and Plaintiff Directed to Commence an Arbitration Pursuant to the Provisions of the Agreements at Issue ....................6

CONCLUSION......................................................................................................................7

# **TABLE OF AUTHORITIES**

<u>CASES</u>                                                                                                                          <u>Page</u>

*Das v. Rio Tinto PLC*,
    332 F. Supp. 3d 786 (S.D.N.Y 2018)..................................................................................2

*Minnie Rose LLC v. Yu*,
    169 F. Supp. 3d 504 (S.D.N.Y. 2016)..................................................................................2

*National Union Fire Insurance Co. v. BP Amoco PLC*,
    319 F. Supp. 2d 352 (S.D.N.Y. 2004)..................................................................................4

*Pilkington North America, Inc. v. Mitsui Sumitomo Ins.*,
    No. 18 Civ. 8152, 2021 WL 2000371 (S.D.N.Y. May 19, 2021).......................................4

*Study Logic, LLC v. Farmer Bros. Co.*,
    No. 18-CV-164, 2019 WL 3412114 (E.D.N.Y. July 29, 2019)..........................................2


<u>Statutes and Other Authority</u>                                                                                          <u>Page</u>

Federal Rules of Civil Procedure 12(b)(2)......................................................................................1

New York CPLR § 302(a) ...............................................................................................................3

International Chamber of Commerce Article 4(1) (2021) ...............................................................6

International Chamber of Commerce Article 4(5) (2021) ...............................................................7

## PRELIMINARY STATEMENT

In response to that part of Defendant George S. Bellas, Esq.'s ("Mr. Bellas") Motion seeking dismissal of this action based on the lack of personal jurisdiction over him, Plaintiff, Salpai Inc. ("Plaintiff"), has failed to make any showing as to how personal jurisdiction in New York could or does exist. Not only is the Complaint devoid of any allegations linking Mr. Bellas to any purposeful actions with New York sufficient to satisfy New York's long-arm statute but Plaintiff's Opposition merely suggests a novel legal theory that any actions undertaken relating to New York by Mr. Bellas' purported principal – former Defendant Zeleny Solutions, Inc.[1] ("Zeleny") – can be imputed to Mr. Bellas as Zeleny's purported agent notwithstanding that Mr. Bellas did not transact any business within New York. Plaintiff has cited no authority for this position and the theory makes no sense, particularly as to an escrow agent located in another state that merely accepted funds in that other state relating to the sale of goods manufactured outside of New York for delivery outside of New York. Plaintiff's Complaint should be dismissed for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2).

Even if the Court were to find that personal jurisdiction over Mr. Bellas could be asserted, through its Opposition, Plaintiff effectively concedes that this matter should be arbitrated before the International Chamber of Commerce ("ICC") in Chicago, Illinois, as is specified in the written agreements requiring arbitration of all disputes in that forum. Yet Plaintiff's concession appears to be contingent upon some kind of directive that Mr. Bellas participate in such arbitration based on his purported failure to help initiate the arbitration. Plaintiff's theory is premised on an incomplete reading of the arbitration rules and should be rejected, as the ICC, rather than Plaintiff, is responsible for serving Mr. Bellas with whatever statement of claim Plaintiff may file and he is

---

[1] Plaintiff voluntarily dismissed Zeleny from this action by motion dated May 25, 2021 [Doc. No. 26], which motion was granted on May 25, 2021. [Doc. No. 27].

not required to accept service in advance of Plaintiff's initiation of the arbitration. As Plaintiff has otherwise agreed to arbitrate this dispute, it is Plaintiff that should be directed to initiate the arbitration and the Court can grant that portion of Mr. Bellas' motion that seeks to compel arbitration – with the proviso that this action be stayed during the pendency of the arbitration.

## ARGUMENT

I. **Plaintiff Has Failed to Allege Any Basis for Personal Jurisdiction over Mr. Bellas and the Complaint Should be Dismissed Due to the Lack of Personal Jurisdiction**

As noted in his initial Memorandum in Support, Mr. Bellas is an Illinois lawyer who agreed to serve as an escrow agent in Illinois in connection with a transaction between Plaintiff and former defendant Zeleny, which transaction had no connection to the State of New York other than Plaintiff's presence in New York. The goods at issue were to be manufactured in Asia for delivery to a third party in Michigan.

Plaintiff does not dispute any of these facts. Instead, Plaintiff asks this Court to bootstrap Mr. Bellas' role as escrow agent, and alleged connection to Zeleny, as a purported basis for New York to exercise personal jurisdiction over Mr. Bellas. Plaintiff's argument is both unsupported by case law and internally contradictory.

A. **Plaintiff's Novel Theory of Personal Jurisdiction: Agents are Responsible for the Acts of the "Principal"**

At the outset, it is important to remember that a plaintiff bears the burden of demonstrating personal jurisdiction over a defendant. *See, e.g.*, *Das v. Rio Tinto PLC*, 332 F. Supp. 3d 786, 798 (S.D.N.Y 2018). And Mr. Bellas agrees with Plaintiff, as he noted in his initial Memorandum in support, that federal courts exercising diversity jurisdiction may only assert personal jurisdiction to the extent permitted by the rules of the state in which they sit. *Study Logic, LLC v. Farmer Bros. Co.*, No. 18-CV-164, 2019 WL 3412114 (E.D.N.Y. July 29, 2019); *see also Minnie Rose LLC v. Yu*, 169 F. Supp. 3d 504, 512 (S.D.N.Y. 2016).

Through its Opposition, Plaintiff has clarified that any purported assertion of personal jurisdiction over Mr. Bellas is founded under CPLR § 302(a), which relates to transacting business within New York. Opp'n Mem. at 8. A reading of the Complaint reveals that it is utterly devoid of any allegations asserting any activities in the State of New York by Mr. Bellas other than paragraph 14, which makes the unsupported and legal conclusion that "<u>Defendants</u> are transacting and doing business in this judicial district and . . . a substantial part of the wrongful events giving rise to the claims asserted herein occurred in this District, . . . ." Cplt. at ¶14 [Doc. No. 1] (emphasis added). That is the sum total of Mr. Bellas' purported contact with New York. The Complaint fails to allege anything about how the agreements came into being, who negotiated them, the details of the agreements, or even explained the role of Mr. Bellas, other than that he was named as the escrow agent. *Id.* at ¶ 2. In the absence of such details, there is no way that a conclusion could be made that Mr. Bellas was transacting business in New York to sustain personal jurisdiction.

As Mr. Bellas detailed in his initial memorandum in support of the instant motion, and as the Complaint accurately asserts, he is a citizen of Illinois. As Mr. Bellas further detailed, his role in this dispute was to act as the escrow agent, whereby he received funds in Illinois from Plaintiff that were maintained in an Illinois bank account that were to be dispersed for the payment of goods manufactured outside of New York that were to be delivered in Michigan. Plaintiff has neither alleged, much less detailed, any reaching into or transaction of business in New York by Mr. Bellas.

Plaintiff not only effectively concedes all of these deficiencies, which weigh against personal jurisdiction in this forum, but now asserts a novel legal theory as for the basis of purported personal jurisdiction: Zeleny's conduct in New York is attributable to Mr. Bellas because he is

Zeleny's agent. More specifically, Plaintiff asserts in its Opposition that "Bellas, through Zeleny, voluntarily engaged in a business relationship in New York . . . ." Opp'n Mem. at 10 (emphasis added). Aside from this assertion being supported by nothing but Plaintiff's imagination, none of the cases cited by Plaintiff support this theory, as they all relate to instances where the agent's activities in New York are attributable to the principal, which principal purportedly engaged in no activities in New York. That is the opposite of the argument being advanced by Plaintiff.

Plaintiff primarily relies upon an excerpt from *National Union Fire Insurance Co. v. BP Amoco PLC*, 319 F. Supp. 2d 352 (S.D.N.Y. 2004), which unequivocally relates to the actions of an agent taken in New York that became attributable to and therefore binding on the out-of-state principal. *Id.* at 363. Plaintiff even asserts that the *National Union* scenario is "similar" to the instant dispute since the "Complaint alleges sufficient contacts by Zeleny which can be imputed to Bellas . . . ." Opp'n Br. at 10. Aside from the fact that the Complaint does not contain any allegations relating to conduct that occurred in New York (by Mr. Bellas or former defendant Zeleny), imputing jurisdiction over an agent that was not the actor and did nothing in New York, is not at all similar to the facts in *National Union*. Plaintiff's reliance on the other cases it cites are equally unavailing. *See, e.g.*, *Pilkington North America, Inc. v. Mitsui Sumitomo Ins.*, No. 18 Civ. 8152, 2021 WL 2000371 at *5-8 (S.D.N.Y. May 19, 2021) (finding that agent's activities in New York are attributable to principals).

Plaintiff's effort to argue that Zeleny's actions in New York – whatever they may have been – are attributable to Mr. Bellas, while creative, does not constitute a legal basis for New York to assert personal jurisdiction over Mr. Bellas. Plaintiff failed to allege any facts that Mr. Bellas

4

transacted any business in New York specific to Plaintiff's dispute with Zeleny to justify personal jurisdiction over Mr. Bellas.[2]

### B. Plaintiff's Agency Argument is Contradicted by Its Own Assertions

Beyond the creativity of Plaintiff's argument, it is, at its core, an entirely contradictory one because Plaintiff has clearly stated in its Opposition that Mr. Bellas performance was in Chicago and was arranged by Plaintiff. Specifically, in the Preliminary Statement of its Opposition, Plaintiff stated that because Zeleny was organized under the laws of the UAE in Dubai, Plaintiff "in a prudent business practice, had escrowed the amount of $487,500 (the "Escrow Funds") with Zeleny's attorney, Bellas, in Chicago, Illinois." Opp'n Mem. at 1. Plaintiff's admission that the funds were directed by it to Mr. Bellas in Chicago at its election is dispositive of the lack of personal jurisdiction over Mr. Bellas. Rather than Mr. Bellas reaching into New York to transact business with Plaintiff, it was Plaintiff who reached into Illinois to transact business with Mr. Bellas. Mr. Bellas accepted the funds solely as an escrow agent relating to a sale of goods that were to be delivered in Michigan.

Based on this unquestionable factual reality, Plaintiff cannot in good faith argue – as it does – later in its Opposition that Mr. Bellas was actually the beneficiary of Zeleny's activities. *See* Opp'n Mem. at 10 ("Bellas, through Zeleny, voluntarily engaged in a business relationship in New York, with Plaintiff, a New York corporation, whereby Plaintiff purchased PPE worth several thousand dollars."). The whole premise of this statement is bizarre, as Mr. Bellas was simply

---

[2] Mr. Bellas does not wish to dwell on each of the unfounded assertions made in Plaintiff's Opposition but does feel compelled to address the assertion that he "regularly contacted Plaintiff, in New York, via email." Opp'n Mem. at 12. Mr. Bellas simply notes that at various times he did respond to emails from Plaintiff's principal about the status of the shipment of the goods relating to the potential release of the escrow funds, as is reflected in that portion of Ex. D to Mr. Epstein's Declaration that is legible. *See* Doc. No. 29-4 at pages 1-14 of the 1271 page document. Mr. Bellas respectfully submits that an escrow agent's responses to inquiries by one of the contracting parties about whether or not any portion of the escrowed funds can be dispersed does not alone constitute activity that confers personal jurisdiction.

acting as an escrow agent and had no interest in the subject matter of the sale/purchase transaction between Zeleny and Plaintiff, yet Plaintiff's statement not only converts Zeleny into Bellas' agent but seemingly he became the seller as well.

Given Plaintiff's concession that it availed itself of Mr. Bellas' services in Chicago, there is no question but that that Mr. Bellas did not purposefully avail himself of conducting business in New York and that specific personal jurisdiction over Mr. Bellas in New York does not exist.

## II. This Action Should be Stayed and Plaintiff Directed to Commence an Arbitration Pursuant to the Provisions of the Agreements at Issue

Even if the Court were to find that it could exercise personal jurisdiction over Mr. Bellas, the action should be stayed and Plaintiff directed to initiate arbitration. This follows because Plaintiff not only does not contest the enforceability of the arbitration provisions in the agreements but directly concedes that this dispute should be arbitrated. However, whereas Plaintiff purports to agree to arbitrate the dispute, subject to this action being stayed, Plaintiff appears to condition its agreement upon Plaintiff taking "affirmative steps to arbitrate the instant dispute." Opp'n Mot. at 14.

As noted in Mr. Bellas' initial Memorandum of Law in support of his motion, the ICC Arbitration Rules provide that:

> A party wishing to have recourse to arbitration under the Rules shall submit its Request for Arbitration (the "Request") to the Secretariat at any of the offices specified in the Internal Rules. The Secretariat shall notify the claimant and respondent of the receipt of the Request and the date of such receipt.

ICC Arbitration Rules, Article 4(1) (2021). Plaintiff evidently still has not sought to commence an arbitration before the ICC by following this requirement of the ICC's Arbitration Rules. Instead, Plaintiff has repeatedly directed email communications to Mr. Bellas' counsel demanding immediate action and suggesting that the failure to provide a response it deems acceptable is some kind of dilatory practice or scheme. That is simply not the case.

6

Plaintiff's agreement that the case should be arbitrated but failure to actually commence the arbitration is puzzling given that the ICC's Arbitration Rules do not contemplate, or even provide for, the commencement of an arbitration through a plaintiff's direct service of a statement of claim on the defendant or an agreement by a defendant's counsel to accept same.  Instead, ICC Arbitration Rule 4(5) makes clear that the ICC is responsible for service.  The Rule provides as follows:  "The Secretariat shall transmit a copy of the Request and the documents annexed thereto to the respondent for its Answer to the Request once the Secretariat has sufficient copies of the Request and the required filing fee."  *Id.* at Rule 4(5) (*see* https://iccwbo.org/dispute-resolution-services/arbitration/rules-of-arbitration/#article_4).

Mr. Bellas' motion seeking to compel arbitration is well-founded and is effectively not contested by Plaintiff.  With Plaintiff having requested that this court stay this action during the pendency of an arbitration – which Mr. Bellas agrees is the state of law should one party ask for a stay – the court should grant that part of Mr. Bellas' motion.  Thus, Mr. Bellas respectfully requests that the Court direct the Plaintiff to commence the arbitration with the ICC and order that this action be stayed pending the resolution of the arbitration.

## CONCLUSION

For the foregoing reasons, Defendant Bellas respectfully requests that this Court enter an order dismissing the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction or order Plaintiff to commence the ICC arbitration in Chicago and stay this action.

Dated:  June 17, 2021             */s/ Paul R. Dehmel*
    Paul R. Dehmel, Esq.
    **Ulmer & Berne LLP**
    275 Madison Avenue, Suite 2002
    New York, NY 10016
    Ph: 917-262-0470 | Fax: 917-262-0480
    pdehmel@ulmer.com
    *Attorneys for Defendant George S. Bellas, Esq.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system and thereby served via the CM/ECF system on all registered counsel of record.

/s/ Paul R. Dehmel
Paul R. Dehmel, Esq.
**Ulmer & Berne LLP**